IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADRIAN ALEXANDER STARKS,

                              Petitioner,                          OPINION & ORDER

    v.

                                                                  14-cv-844-jdp

MICHAEL MEISNER, Warden,

                              Defendant.

---

      Pro se petitioner Adrian Alexander Starks is currently incarcerated at the Redgranite Correctional Institution. He is challenging his confinement under 28 U.S.C. § 2254 and I have screened his habeas corpus petition. Dkt. 13. The petition alleges ineffective assistance of counsel and *Brady* violations, among other theories of relief. I have reviewed petitioner's claims under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, and ordered that the petition be served. Dkt. 13. Defendant has responded, and petitioner's brief was due December 23, 2015.

      Petitioner has not filed his brief, but he has moved for appointment of a medical expert to help demonstrate the ineffectiveness of his trial counsel for stipulating that heroin caused the death of one of the victims. Dkt. 19. Alternatively, he asks the court to order the state to release funds from his prisoner release account so that he may pay for the expert himself. Petitioner's motion asks the court to stay his briefing deadline pending the resolution of his motion.

      Petitioner also has a motion pending in which he seeks to unseal documents relating to his co-defendant's testimony against him at trial. Dkt. 10. In the alternative, petitioner

requests that I conduct an *in camera* review of these documents and determine whether they should have been disclosed to petitioner before trial.

For the reasons explained below, I will deny the motion to unseal the records and the motion for appointment of an expert. I will allow petitioner to use his release account funds to pay for an expert, if that is an expense he chooses to bear. I will also grant petitioner's request concerning the timing of his brief and set a new briefing schedule.

BACKGROUND

I draw the following facts from petitioner's filings.

Petitioner was convicted in 2008 of one count of conspiracy to manufacture and distribute more than 50 grams of heroin and two counts of first-degree reckless homicide under Wis. Stat. §§ 940.02(2)(a) and 961.41(1)(d). Before petitioner's trial, his co-defendant, Dennis Dickinson, was convicted and sentenced to 16 years in prison. At petitioner's trial, Dickinson testified against petitioner. He exchanged his testimony for the assistant district attorney's agreement to work with the U.S. Attorney's Office to request a reduction to Dickinson's federal sentence and to ask the state court to count his sentences concurrently. 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35. Based on his assistance at petitioner's trial and based on changes to the Federal Sentencing Guidelines, this court reduced Dickinson's 200-month federal sentence to 115 months. Minute Entry for Proceedings, *United States v. Dickinson*, No. 06-cr-59 (W.D. Wis. Mar. 25, 2008), ECF No. 37. And Dickinson's state-court sentence was imposed concurrently to his federal sentence. Petitioner did not have access to the information about Dickinson's plea agreement to use at his trial to impeach Dickinson's credibility.

Before trial, on the advice of counsel, petitioner stipulated that heroin caused the death of both victims, an element of both first-degree reckless homicide counts. But at the time, he had not actually seen the autopsy report for one of the victims, Michael Ace, which indicated that Ace's death was "accidental," and that it was caused by the combined effects of prescription and illicit drugs. Because of petitioner's stipulation, the government did not have to put on evidence that the heroin that petitioner supplied actually caused the victims' deaths. At a postconviction hearing, petitioner's trial counsel testified that the stipulation was a strategic choice, designed to prevent the state's medical witness from offering compelling testimony about how the victims died.

## ANALYSIS

**Dickinson's resentencing documents**

Petitioner asks me to unseal the records from Dickinson's resentencing—or to review them *in camera*—to determine whether the government should have disclosed them to petitioner before his trial. Court documents are presumptively unsealed. *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). But many sentencing documents are sealed, however, because they include intimate information about victims and other non-parties, and sometimes they include sensitive information that, if disclosed publicly, might prejudice or endanger the defendant. I am not the proper authority to unseal the Dickinson documents because I did not conduct the resentencing and seal those records. Petitioner should direct his motion to unseal the Dickinson documents to Judge Crabb, who resentenced Dickinson and sealed the records.

3

But regardless of which judge he asks, petitioner has failed to show how these records could have helped his case. He has not articulated what he thinks the records could contain that might have helped his counsel enough to change the outcome of his trial. Petitioner could impeach Dickinson with the facts he already knows: that Dickinson got a sentence reduction in exchange for his testimony. And a marginal improvement in the effectiveness of that impeachment would not be enough to show that his trial counsel was ineffective. *Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[T]he purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation."). Therefore, I will dismiss petitioner's motion. If the Dickinson documents would help petitioner's case in some way that I have not understood, he should explain in his brief specifically what he thinks he would find and how it would affect his habeas claims.

**Appointment of an expert**

Petitioner has moved to appoint an expert under 18 U.S.C. § 3006A. Petitioner is not constitutionally entitled to an expert, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), but if I determine that expert services are necessary to his habeas case, I may authorize an attorney to secure expert services. § 3006A(e)(1).

As explained above, at trial, petitioner stipulated that heroin caused the victims' deaths. Now he contends that this was an unreasonable and prejudicial course of action, demonstrating that his counsel's assistance was ineffective. *Strickland*, 466 U.S. at 687 (requiring an objectively unreasonable deficiency and resulting prejudice to prove ineffective assistance of counsel). Petitioner wants an expert to demonstrate that heroin was not, in fact, the actual cause of that victim's death.

Petitioner challenges both his counsel's decision to stipulate to causation and his counsel's decision to forgo hiring an expert on causation. Both decisions are often strategic, making them very difficult to second-guess during habeas review. *See, e.g.*, *Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014) ("The selection of an expert witness is a paradigmatic example of the type of 'strategic choic[e]' that, when made "after thorough investigation of [the] law and facts,' is 'virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)). Petitioner does not need the expert testimony itself to argue that the state court erred in concluding that petitioner's counsel was ineffective because he failed to introduce expert testimony, and instead convinced petitioner to stipulate. *State v. Starks*, 2011 WI App 75, ¶ 1, 334 Wis. 2d 145, 799 N.W.2d 928. I conclude that petitioner has failed to show that expert testimony is necessary to his case. Accordingly, I will deny his motion to appoint an expert.

Petitioner has offered to pay for the expert himself, asking that I direct the state to allow him access to his prison release account to do so. State law governs the use of release account funds. Generally, a petitioner's release account is intended to be used at the end of his sentence when he is released from prison. Wis. Admin. Code § DOC 309.02(18). But § DOC 309.466(2) gives the Department of Corrections some discretion in disbursing release account funds, and contemplates that a court might order release of funds. The defendant has indicated that it takes no position on this request, Dkt. 21, which I will interpret to mean that defendant does not believe there is any legal impediment to granting the request.

Generally, this court is reluctant to tell the Wisconsin DOC how to manage and disburse inmate account funds. *See, e.g., Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what

5

extent a prisoner should be able to withdraw money from his release account."); *Artis v. Meisner*, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [petitioner's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons."). Nevertheless, the funds in petitioner's release account belong to him. Given that the DOC has some discretion in disbursing those funds, and that the defendant has not opposed the request, I will grant it. It is not clear whether petitioner has yet attempted to access this money and been denied. But this order will serve to facilitate his access to the account.

ORDER

IT IS ORDERED that:

1. Petitioner Adrian Alexander Starks's motion to unseal documents, Dkt. 10, is DENIED.

2. Petitioner's motion to appoint an expert, Dkt. 19, is DENIED.

3. Petitioner's request for alternative relief, Dkt. 19, is granted: petitioner may use funds in his release account to pay for an expert evaluation of the medical evidence concerning the death of Michael Ace.

4. The deadline for petitioner's brief in support of his habeas corpus petition is due May 24, 2016. Respondent's brief in opposition is due within 30 days of receipt of petitioner's brief or notice. Once respondent files a brief in opposition, petitioner will have 20 days to file a reply if he wishes to do so.

Entered March 29, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge