IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADRIAN ALEXANDER STARKS,

                          Petitioner,

    v.                                                         ORDER

MICHAEL MEISNER, Warden,                       14-cv-844-jdp

                          Respondent.

---

       In an order entered on September 23, 2015, I directed the state to respond to the petition for writ of habeas corpus filed by petitioner Adrian Starks under 28 U.S.C. § 2254, alleging ineffective assistance of counsel, among other theories of relief. Dkt. 13. In the same order, I denied Starks's motion for appointment of counsel without prejudice because, although Starks is financially eligible for appointment of counsel and attempted to obtain representation on his own, I was not yet convinced that the difficulty of the case would exceed his ability to litigate his claims himself. Later, I denied Starks' motion for appointment of a medical expert to help demonstrate that his trial counsel was ineffective because he failed to introduce expert testimony and instead convinced Starks to stipulate to the cause of the victims' deaths. Dkt. 27. But I granted his request to direct the state to allow him access to his prison release account to pay for the expert himself.

       Starks has now renewed his motion for appointment of counsel. Dkt. 36. As a civil habeas petitioner, Starks has no automatic right to court-appointed counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). But the court may appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254 if the appointment of counsel would serve "the interests of justice" and the petitioner is "financially eligible." 18 U.S.C.

§ 3006A(a)(2). When considering whether appointment would serve the interests of justice, courts consider whether petitioner has attempted to obtain representation on his own and whether the difficulty of the case exceeds petitioner's ability to litigate his claims himself. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). To determine a petitioner's competence to litigate his own case, the court considers his literacy, communication skills, education level, and litigation experience. *Pruitt*, 503 F.3d at 655.

So far, Starks has been able to litigate his case on his own. He has demonstrated that he is able to communicate effectively with the court. Briefing is nearly completed: the state has filed its brief in opposition and the deadline for Starks' reply brief is stayed, at his request, pending the court's decision on his motion for appointment of counsel. Starks has been able to articulate his position and understand and comply with my instructions so far.

Starks contends that he needs counsel to assist him in retaining a medical expert. He asserts that he contacted American Medical Experts, a business providing expert opinions for use in litigation, and obtained two favorable opinions, but needs additional money, money that he does not have, to receive an original signed expert report, complete CV, and contact information for the experts rendering their opinions.

In his motion, Starks cites § 2254(e)(2), which provides that the court may hold an evidentiary hearing to develop the factual basis of a claim in certain, limited circumstances. I interpret Starks to be arguing that he needs a medical expert and counsel to assist him during an evidentiary hearing. But an evidentiary hearing is not appropriate at this time: first, Starks must survive review under § 2254(d)(1), which is limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("[E]vidence introduced in

federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.").

As I previously explained, Starks does not need expert testimony to argue that the state court erred in concluding that his counsel's decision to have Starks stipulate to the cause of the victims' deaths was a reasonable strategic decision. *See* Dkt. 27, at 5. So at this point, I will deny Stark's motion without prejudice. But after the parties complete briefing, I will revisit this issue if necessary.

ORDER

IT IS ORDERED that:

1. Petitioner Adrian Starks' motion for appointment of counsel, Dkt. 36, is DENIED.

2. The deadline for petitioner's reply brief in support of his habeas corpus petition is January 3, 2017.

Entered December 13, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge