IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADRIAN ALEXANDER STARKS,

                                    Petitioner,                          ORDER

            v.

MICHAEL MEISNER, Warden,                                      14-cv-844-jdp

                                    Respondent.

Petitioner Adrian Alexander Starks is currently in the custody of the Wisconsin Department of Corrections at the Redgranite Correctional Institution. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for two counts of first-degree reckless homicide—under Wisconsin's "Len Bias" law assigning criminal liability to the manufacturer or distributor of a controlled substance that is a substantial factor in a victim's death—and one count of delivery of more than 50 grams of heroin. Dkt. 9. The parties have briefed Starks's petition, which normally would be ready for a decision. But before analyzing the reasonableness of the Wisconsin Court of Appeals' decision denying Starks's claims, I must determine what evidence I can consider in my analysis.

In his habeas petition, Starks argues, among other things, that his trial counsel was ineffective for advising Starks to stipulate that heroin caused Michael Ace's death after reviewing a coroner's report on Ace's death, which listed the manner of death as "accidental." Dkt. 17-3, at 18. Starks made this same argument to the Wisconsin Court of Appeals. Starks contends that the Wisconsin Court of Appeals' decision rejecting this claim was objectively unreasonable, entitling him to relief under § 2254(d)(1).

Starks now relies on four pieces of evidence in support of his argument:

- An undated coroner's report listing Ace's manner of death as "accidental" and including a printout from the state crime lab listing the drugs found in Ace's system and noting that morphine was identified at a level of 77 micrograms per liter in Ace's blood. *See* Dkt. 17-3, at 18-19.

- Dr. Robert Huntington's dictated notes from his May 6, 2005 autopsy of Ace, which states that Ace may have died due to "intoxication or . . . intoxication plus aspiration," and lists "coronary artery disease" as an "alternate possibility." Dkt. 32-9, at 1-3.

- A state crime lab toxicology report dated July 25, 2005, listing the drugs found in Ace's system, noting that morphine was identified at a level of 77 micrograms per liter in Ace's blood, and explaining that the "reported therapeutic level of morphine in blood is 100" micrograms per liter. Dkt. 32-8, at 1-2.

- Dr. Huntington's August 8, 2005 autopsy report, which states, "This is a drug death. Serious coronary disease is also present." Dkt. 36-4.

Although neither party raises this issue, my review of the record indicates that the appeals court may not have reviewed some of the pieces of evidence that Starks now offers in support of his claim. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). In other words, my task under § 2254(d)(1) is to review the reasonableness of the decision of the Wisconsin Court of Appeals, and in doing so, I am limited to the evidence that was before that court.

The undated deputy coroner's report was provided to the appeals court by Starks in the appendix to his appellate brief, *see* Dkt. 17-3, so I am satisfied that I may consider this piece of evidence when reviewing Starks's claims. The state cited Dr. Huntington's August 8 autopsy report in its appellate brief, *see* Dkt. 17-4, and the report was mentioned during the trial court's

hearing on Starks's motion for postconviction relief, a transcript of which was provided to the appeals court, *see* Dkt. 17-32, at 41-42, so it appears likely that the report was before the appeals court, too. But unlike the deputy coroner's report, there is no copy of the August 8 autopsy report in the state-court record to confirm this. And there is no indication that the appeals court was provided with Dr. Huntington's dictated autopsy notes or the July 25 toxicology report. Neither party discussed these two pieces of evidence in their appellate briefs, and the appeals court did not mention them in its decision denying Starks's appeal.

If the August 8 autopsy report, dictated autopsy notes, and July 25 toxicology report are new evidence that was not before the appeals court when it rendered its decision, I cannot consider that new evidence when reviewing the reasonableness of the appeals court's decision. In that case, depending on when and how Starks obtained the new evidence, I may have the option of staying his habeas petition to allow him to pursue an unexhausted claim concerning the new evidence in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). But at the moment, I simply do not have enough information to determine how to proceed. So I will order the parties to submit briefs on this issue. In his brief, Starks should explain when he obtained the August 8 autopsy report, dictated autopsy notes, and July 25 toxicology report and whether he presented that evidence to the Wisconsin state courts. He should also explain whether, if some of this evidence is new, he wants to (1) stay his case and return to federal court after he has exhausted his claims based on the new evidence in state court; or (2) proceed only with the currently exhausted claims, keeping in mind that "doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles." *Burton v. Stewart*, 549 U.S. 147, 154 (2007). After reviewing the parties' briefs, I will determine how to proceed with my review of Starks's habeas petition.

ORDER

IT IS ORDERED that:

1. By May 22, 2017, petitioner Adrian Alexander Starks must submit a brief addressing when he obtained the evidence regarding Michael Ace's cause of death, whether it was presented to the Wisconsin state courts, and whether he wants to stay his habeas petition so that he can present any unexhausted claims to the state courts.

2. Respondent may submit a brief in response by June 12, 2017.

3. Petitioner may submit a brief in reply by June 26, 2017.

Entered April 24, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge