IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADRIAN ALEXANDER STARKS,

                Petitioner,

v.

MICHAEL MEISNER, Warden,

                Respondent.

ORDER

14-cv-844-jdp

Petitioner Adrian Alexander Starks is currently in the custody of the Wisconsin Department of Corrections at the Redgranite Correctional Institution. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for two counts of first-degree reckless homicide—under Wisconsin's "Len Bias" law assigning criminal liability to the manufacturer or distributor of a controlled substance that is a substantial factor in a victim's death—and one count of delivery of more than 50 grams of heroin. Dkt. 9. After the parties briefed Starks's petition, it became apparent that two key pieces of evidence that Starks pointed to in support of his claim that his trial counsel was ineffective had not been presented to the Wisconsin state courts: Dr. Robert Huntington's dictated notes from his May 6, 2005 autopsy of the victim (which Starks didn't obtain until briefing in this case was nearly complete) and a July 25, 2005 toxicology report (which Starks obtained before the postconviction relief proceedings but didn't present to the state courts because he didn't understand its importance). *See* Dkt. 51. As a result, I cannot consider those pieces of evidence. In a September 13, 2017 order, I presented two options to Starks: (1) stay his § 2254 petition in this court so that he may present claims on the new evidence in state court; or (2) proceed with his § 2254 petition without considering the new evidence. *Id.*

Starks chooses the first option, Dkt. 52, so I will stay his petition. The stay may not be indefinite—I must "place reasonable time limits on [Starks's] trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). So Starks must present his claims in state court within 90 days of the date of this order. And his must ask this court to lift the stay no later than 30 days after the conclusion of the final state court proceedings. The court will then schedule further proceedings in this case.

In his response to my September 13 order, Starks asks me a number of procedural questions, such as whether he should bring an ineffective assistance of counsel claim or a *Brady* claim in state court. As Starks acknowledges, I cannot offer him legal advice. But I will construe his questions as a request for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes district courts to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Representation may include "ancillary matters appropriate to the proceedings." § 3006A(c). The unusual circumstances of this case meet that definition: Starks discovered new evidence while briefing his § 2254 petition; the court cannot consider that evidence until Starks has exhausted his claims based on it; Starks could not have exhausted those claims earlier because he didn't have the evidence then; and Starks's claims are not plainly meritless.[1] So I may appoint counsel to represent Starks in state court as he exhausts claims based on the new evidence, as long as he is otherwise eligible. *See Waiters v. Lee*, No. 13-

---

[1] 18 U.S.C. § 3599, which provides for the appointment of federal counsel in death penalty cases, contains a similar provision: counsel may represent their client in "other appropriate motions and procedures." § 3599(e). The Supreme Court has explained that under this provision, "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation." *Harbison v. Bell*, 556 U.S. 180, 190 n.7 (2009). At least one court has suggested that the *Harbison* test is applicable to § 3306A(c), too. *See Johnson v. Kerestes*, No. 13-3197, 2015 WL 2069216, at *8 (E.D. Pa. May 4, 2015). This case meets the *Harbison* test for the same reasons discussed above.

cv-3636, 2013 WL 6579616, at *1 (E.D.N.Y. Nov. 5, 2013) (staying a § 2254 petition and appointing counsel under § 3006A to represent the petitioner as he exhausts claims in state court).

Appointment of counsel is appropriate if it would serve "the interests of justice" and if the petitioner is "financially eligible." § 3006A(a)(2). Two additional considerations are relevant to the interest of justice prong: whether the petitioner has attempted to obtain representation on his own, *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992), and whether the difficulty of the case exceeds the petitioner's ability to litigate his claims himself, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). To determine a petitioner's competence to litigate his own case, the court considers his literacy, communication skills, education level, and litigation experience. *Id.*

To be financially eligible for appointment of counsel, Starks does not have to be indigent; he must demonstrate only that he is financially unable to obtain counsel. *United States v. Sarsoun*, 834 F.2d 1358, 1362 (7th Cir. 1987) ("The Criminal Justice Act . . . merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency."). Although Starks bears the ultimate burden of demonstrating his financial eligibility, "[a]ny doubts as to a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time." Admin. Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. 7, pt. A, § 210.40.30(b).[2] Starks qualified for a public defender during his state-court proceedings. He is now in prison, where his financial

---

[2] Available at http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja.

situation presumably has not improved. Applying the principles discussed above, I conclude that Starks is financially unable to obtain counsel.

I am also persuaded that appointing Starks counsel would serve the interests of justice. Starks's claims concern complex procedural issues at both the state and federal levels. So I will appoint counsel to represent him. Starks should be aware that if the court later finds that he is financially able to retain counsel, it may terminate the appointment of counsel as the interests of justice dictate, and also may direct him to reimburse his attorney for the cost of representation. § 3006A(c), (f).

ORDER

IT IS ORDERED that:

1. The proceedings are STAYED pending appointment of counsel for petitioner Adrian Alexander Starks and exhaustion of claims in state court.

2. Once counsel is appointed, Starks must present his claims in state court within 90 days. He must ask this court to lift the stay no later than 30 days after the conclusion of the final state court proceedings.

Entered October 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge